UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

August 23, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:  *Steven W. v. Martin O'Malley, Commissioner, Social Security Administration*
Civil No. 23-3126-CDA

Dear Counsel:

On November 16, 2023, Plaintiff Steven W. ("Plaintiff") petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 8) and the parties' briefs (ECFs 12, 14 and 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on August 10, 2020, alleging a disability onset of December 31, 2007. Tr. 160-66. Plaintiff's claims were denied initially and on reconsideration. Tr. 87-91, 95-97. On April 19, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 34-61. Following the hearing, on June 14, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 16-33. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

II.  **THE ALJ'S DECISION**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this

---
[1] 42 U.S.C. §§ 301 et seq.

process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since July 1, 2020, the application date[.]"  Tr. 21.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "depression, anxiety disorder, unspecified mood disorder, posttraumatic stress disorder, insomnia, right medial meniscus tear status-post surgical repair, and tendinitis of the right rotator cuff[.]"  Tr. 21.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 21.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b), except he can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; cannot climb ladders, ropes, or scaffolds; is limited to occasional exposure to extreme cold, vibrations, and workplace hazards such as unprotected heights, uneven surfaces, and heavy machinery with unshielded moving mechanical parts; can understand, remember, and carry out simple instructions; can use judgment to make simple, work-related decisions; can occasionally deal with changes in a routine work setting; is limited to no contact with the public; and can occasionally interact with supervisors and coworkers and, once assigned, work should be able to be performed primarily without working in coordination with other employees.

Tr. 23.  The ALJ determined that Plaintiff had no past relevant work.  However, the ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff could perform.  See Tr. 28 (noting, for example, a Garment Folder (DOT[2] #789.687-066)).  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 29.

### III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  "The

---

[2] The "DOT" is the Dictionary of Occupational Titles.  "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)."  *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).  It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.*  In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

IV.  **ANALYSIS**

Plaintiff's only argument on appeal is that the ALJ's holding purportedly "ran afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015)." ECF 12, at 7.  More specifically, that the ALJ "failed to provide an explanation for the omission of a limitation in the RFC to account for Plaintiff's moderate limitation in maintaining concentration, persistence, or pace ["CPP"]." ECFs 12, at 7-16; 15, at 2-4.  Defendant counters that the ALJ properly accounted for Plaintiff's moderate limitations in CPP when formulating the RFC.  ECF 14, at 6.

When a claimant possesses a mental impairment, an ALJ is required to make "'a specific finding as to the degree of limitation in each of' the four areas of functional limitation listed in [20 C.F.R.] § 404.1520a(c)(3)." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1520a(e)(4)).  One of these four areas, CPP, concerns "the abilit[y] to focus attention on activities and stay on task age-appropriately."  20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(E)(3).  A "moderate" limitation in CPP means that a claimant's ability to sustain CPP "independently, appropriately, effectively, and on a sustained basis is fair."  *Id.* § 12.00(F)(2)(c).

Specific to a limitation in the functional area of CPP, an ALJ must expressly account for such limitation, or explain why no such limitation exists, in the function-by-function analysis. *Mascio*, 780 F. 3d at 638; *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020).  An ALJ may not account for a claimant's moderate CPP limitations by restricting the RFC to simple, routine tasks or unskilled work without explaining why such provisions adequately address the claimant's CPP limitations.  *See Mascio*, 780 F.3d at 638 (citation omitted) (holding that the Fourth Circuit "agree[s] with other circuits [joining the Third, Seventh, Eighth, and Eleventh Circuits] that an ALJ does not account for a claimant's limitations in [CPP] by restricting the hypothetical question to simple, routine tasks or unskilled work."); *Shinaberry*, 952 F.3d at 121-22.  However, when a medical opinion provides "detailed findings" regarding a claimant's "sustained concentration and persistence limitations," an ALJ may account for those limitations by assigning persuasive weight to the opinion and incorporating the opined limitations into the RFC.  *See Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017).

Here, the ALJ determined that Plaintiff had a moderate CPP limitation.  Tr. 22.  The ALJ then "accommodated" for Plaintiff's mental impairments by "limiting him to occupations that involve understanding, remembering, and carrying out only simple instructions, simple, work-

related decision-making, occasional changes in routine work setting, no contact with the public[.]" Tr. 25. Outside of this analysis, the ALJ did not provide any other narrative regarding Plaintiff's CPP limitation reflected in the RFC. In portions of the narrative, the ALJ described Plaintiff's concentration as "intact" and attention "adequate". Tr. 24 (citing a physical exam from December 2018 and December 2021). In other areas of their decision, the ALJ determined that Plaintiff had "slowed thought processes" and adopted a medical opinion that described Plaintiff having "difficulty remembering and carrying out complex, multistep instructions [and] may also have trouble focusing on task for long periods." Tr. 26, 88.

The Court cannot determine, based on these statements or by reviewing the remainder of the decision, the ALJ's basis for concluding that Plaintiff's routine and conservative treatment, lack of psychiatric hospitalizations, his simple daily activities, and lack of evidence regarding "overt somnolence secondary to medication" support the conclusion that Plaintiff's moderate CPP limitation can be accommodated by a restriction to simple instructions and decisions. Tr. 23-25. Consequently, the ALJ's decision contravenes SSR 96-8p, which sets forth the procedures necessary to determining a claimant's RFC. The ruling directs ALJs to assess claimants' "work-related limitations and restrictions" on a function-by-function basis and provides that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, 1996 WL 374184, at *6-7 (July 2, 1996).

To be sure, the ALJ relied on evidence in crafting the RFC assessment's CPP-related provisions. But the ALJ did not explain how those provisions are supported by the evidence. Instead, the ALJ went "straight from listing evidence to stating a conclusion." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019). This practice deprives the Court of the "logical explanation" necessary to conducting "meaningful appellate review." *Id.* at 312. Because the ALJ did not adhere to SSR 96-8p's narrative-discussion requirement, their decision does not adequately explore the "work-related limitations and restrictions" that stem from Plaintiff's CPP deficit. SSR 96-8p, 1996 WL 374184, at *6.

Moreover, the ALJ did not explicitly base these RFC provisions on any opinions contained in the record.[3] *Cf. Sizemore*, 878 F.3d at 80-81 (affirming an ALJ's decision where: (1) the ALJ

---

[3] The ALJ did assign persuasive value to an opinion by Dr. Roske. Tr. 26. Dr. Roske listed Plaintiff's abilities as it pertains to sustained concentration and persistence. Tr. 88. Dr. Roske concluded that Plaintiff "may have some difficulty remembering and carrying out complex, multistep instructions [and] may also have trouble focusing on task for long periods." Tr. 88. Here, Dr. Roske's medical opinion did no more than list evidence and state a conclusion. Thus, assigning persuasive value to this opinion did not reconcile the ALJ's error. Additionally, the ALJ assigned persuasive value to Dr. Knotts opinion as it related to Plaintiff's "ability to understand simple tasks[.]" Tr. 26. However, in reviewing Dr. Knott's opinion, she opined that Plaintiff had concentration problems and that his thought processes are slow. Tr. 418. She found Plaintiff to have "a low frustration tolerance and increased anxiety when expected to perform a task." Tr. 418. Dr. Knotts opined that Plaintiff "seems able to understand simple tasks but anxiety, negative self-

adopted certain RFC limitations suggested in a medical opinion that provided "detailed findings" on a claimant's "sustained concentration and persistence limitations" and (2) the ALJ assigned the opinion "significant weight"). These gaps in the ALJ's analysis frustrate meaningful review and warrant remand. *See Mascio*, 780 F.3d at 637.

Although there is no per se rule requiring remand when an ALJ fails to analyze a function, remand is appropriate when an ALJ fails to evaluate a "relevant" function. *Dowling v. Comm'r of Soc. Sec. Admin*, 986 F.3d 377, 388-89 (4th Cir. 2021). Here, the ALJ's finding that Plaintiff has a moderate CPP limitation triggered a duty to either address CPP in the RFC assessment or explain why doing so is unnecessary. *Mascio*, 780 F.3d at 638; *see Henry v. Berryhill*, No. BPG-17-0057, 2018 WL 558839, at *3 (D. Md. Jan. 25, 2018) (remanding when the ALJ's decision only contained a limitation for the Plaintiff's moderate social functioning but not for Plaintiff's moderate CPP limitation when the ALJ limited Plaintiff to simple, routine, repetitive work with few to non-workplace changes). Given the relevance of CPP to Plaintiff's case, the ALJ's failure to explain how the evidence supports the RFC assessment's CPP-related provisions is an error that warrants remand. *See Dowling*, 986 F.3d at 389.

On remand, the ALJ must either: (1) explain how the RFC assessment addresses Plaintiff's moderate CPP limitations or (2) explain why no RFC provision is necessary to address those limitations. *Mascio*, 780 F.3d at 638. The Court expresses no opinion on the ultimate merits of Plaintiff's applications for benefits.

V.      **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge

---

concept, and poor coping skills limit his ability to engage in tasks." Tr. 418. Additionally, his "[m]ood symptoms may interfere with his ability to initiate tasks or sustain tasks over time." Tr. 418. "If the RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." SSR 96-8P, 1996 WL 374184, at *7 (S.S.A. July 2, 1996).